IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01279-PAB-MJW

PAUL DESCHAINE,

Plaintiff,

v.

S. MC LAUGHLIN, Dr., MD,
ARISTEDES W. ZAVARAS, and
PAUL L. VOTH,

Defendants.

---

## RECOMMENDATIONS ON
## PLAINTIFF'S MOTION FOR LEAVE TO FILE AND AMENDED COMPLAINT
### (Docket No. 57)
### and
## DEFENDANT MCLAUGHLIN'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
## MOTION FOR SUMMARY JUDGMENT (Docket No. 46)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Senior Judge Zita L. Weinshienk on July 23, 2008. (Docket No. 16). The case was later reassigned to Judge Philip A. Brimmer upon his appointment. (Docket No. 44).

In the Prisoner Complaint (Docket No. 3), brought pursuant to 42 U.S.C. § 1983, the pro se incarcerated plaintiff alleges the following three claims, each against a separate defendant. In Claim One, plaintiff claims that defendant McLaughlin, M.D., "wrongfully charged Plaintiff with the responsibility for having diabetes, stating it was

2

Plaintiff's fault Plaintiff was sick."  (Docket No. 3 at 6).  In addition, McLaughlin has allegedly "discriminated against Plaintiff and denied Plaintiff medical care."  (Docket No. 3 at 6).  Plaintiff allegedly told McLaughlin about trouble plaintiff had been having with his legs and feet and asked about getting medical shoes, but McLaughlin told plaintiff to purchase his own shoes, when other diabetic inmates are given medical shoes.

In Claim Two, plaintiff claims defendant Aristedes Zavaras, Director of the Colorado Department of Corrections ("CDOC"), is liable for failing to train medical staff properly and thoroughly, causing medical staff to be deliberately indifferent to plaintiff's medical needs and to commit medical negligence, malfeasance, and violating the Emergency Medical Treatment and Active Labor Act.  In addition, Zavaras allegedly failed to develop effective internal processes and policies for reporting medical and institutional policy violations, failed to document plaintiff's need to see another physician who is better qualified to treat plaintiff's condition, and negligently failed to see that his staff's misconduct was properly handled.

Finally, in Claim Three, plaintiff claims that defendant case manager Paul Voth refused to allow the plaintiff to call a law firm at a toll-free number and then lied to the warden that this occurred after-hours.  Voth's actions allegedly violated plaintiff's Sixth Amendment right to counsel.  Plaintiff allegedly subsequently turned in a Step III grievance, and Voth "must have done something with it, meaning 'destroyed it" which violated his "Fournth [sic] Amendment."  (Docket No. 3 at 12).

Plaintiff seeks $10 million plus interest, costs, and "Time served in full."  (Docket No. 3 at 13).

Now before the court for a report and recommendation are two motions:

3

(1)  Defendant McLaughlin's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket No. 46) to which plaintiff filed a Response (Docket No. 52), and (2)  Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 57) to which defendants filed a Response (Docket Nos. 62 and 63).  Plaintiff subsequently filed a letter (Docket No. 66) and a proposed Amended Prisoner Complaint.  (Docket No. 65).  The court has considered all of these papers as well as applicable Federal Rules of Civil Procedure, statutes, and case law.  The court now being fully informed makes the following findings, conclusions, and recommendations.

**Plaintiff's Motion to Amend**

Plaintiff seeks leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a) and 19(a).  His assertions in his motion to amend include the following.  Since he filed the original Complaint, he has determined that P.A. Stock of Sterling Correctional Facility ("SCF") should be added as a defendant.  Stock has seen and talked to plaintiff about the sores and blisters on plaintiff's feet.  Plaintiff had received shoes on approximately September 19, 2008, from SCF Clinical Services Administrative Assistant Madeline Ramirez.  Plaintiff said they were tight, but he was told to wear them and that they would loosen up.  The shoes, however, did not loosen up and were too small.  His toe nail loss and foot damage resulted.  Two weeks later, Stock acknowledged that the special shoes ordered for plaintiff by a DOC doctor were inadequate, too small, and damaged plaintiff's feet, and she said she would talk with the person in charge of ordering and would order diabetic shoes.  Plaintiff wrote "kites" to Stock to inquire about ordering such diabetic shoes, and she returned them, telling plaintiff to "deal with it" and that he could order off canteen.

4

Both Stock and her supervisor, Paula Frantz, MD, know of the medical report of an exam done by a CDOC doctor that states that plaintiff falls under the CDOC standards of diabetic care and the Montez remedial plan and qualifies for special diabetic shoes. Nevertheless, Stock and Frantz refuse to help plaintiff.

Also, Stock failed to coordinate between "Clinical Services" and "Food Services" for the ordering of a diabetic snack for the plaintiff, which Stock told plaintiff he needed because of his diabetes and the many times of "falling out." Another PA saw plaintiff when Stock was not there and told plaintiff he needed the snacks. Plaintiff goes three days with snacks only to have Stock return and stop his snacks, putting plaintiff back in danger. Plaintiff has put in kites about his snacks, but Stock, Frantz, SCF ADA Coordinator Lt. May, and dietician Carol Berenda have not helped him with his serious medical needs. Plaintiff has always been referred back to Stock.

Rule 15(d) of the Federal Rules of Civil Procedure "provides that a court may permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented. Motions to supplement are addressed to the sound discretion of the court." Gillihan v. Shillinger, 872 F.2d 935, 941 (10th Cir. 1989). "The court should apply the same standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a). . . . While Fed. R. Civ. P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile." Southwest Nurseries, LLC v. Florists Mut. Ins., Inc., 266 F. Supp.2d 1253, 1256 (D. Colo. 2003).

In response, defendants note that the incidents asserted in the original Complaint

appear to have occurred sometime between October 2005 and May 2008, and the incidents regarding Stock in the proposed amendments to the Complaint appear to have occurred sometime after September 19, 2008, because that is the date plaintiff claims to have received medical shoes. Defendants Zavaras and Voth filed an Answer on September 12, 2008, and McLaughlin filed his Motion to Dismiss on October 29, 2008.

Defendants first assert that plaintiff's motion to amend should be denied because plaintiff did not attach a proposed Amended Complaint. After defendants filed their response, plaintiff tendered a proposed amended pleading. (Docket No. 65).

Defendants further assert that the motion should be denied because it is untimely and seeks to file a new action as opposed to amending his original Complaint. Defendants note that plaintiff is attempting to amend his Complaint nine months after the filing of the original and six months after defendants filed their Answer. They opine that the reason for the delay is that the issues regarding PA Stock did not occur until some three months after the filing of the original Complaint. Moreover, defendants contend that the new allegations against Stock have nothing to do with the events alleged in the original Complaint. Defendants note that in the original pleading, plaintiff alleged he was denied medical shoes by Dr. McLaughlin, and plaintiff made no allegation that he was denied diabetic snacks. In contrast, his new claims are that he received the medical shoes in September 2008, but the shoes were too small and caused damaged to his feet. In addition, he complains he was not provided with diabetic snacks. Defendants contend that rather than seeking leave to amend his original Complaint, plaintiff is actually seeking leave to file a brand new Complaint, with new claims and a new defendant. The court further notes that the new incidents also

allegedly occurred at a different correctional facility.  According to defendants, if plaintiff believes he has a new cause of action, he should file a new Complaint, which also necessitates compliance with the exhaustion and filing fee requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and 28 U.S.C. § 1915(b)(2).  This court agrees with defendants' contentions and recommends that plaintiff's motion to amend be denied.  See McDonald v. Miller, 2009 WL 1163388 (W.D. Okla. Apr. 29, 2009) (Claims in motion to supplement bore no relationship to claim in the original complaint and involved different parties, different circumstances, and a different prison.); Harris v. Morton, 2007 WL 2365994 (N.D.N.Y. Aug. 16, 2007) (Claims in proposed supplemental complaint arose out of an entirely separate incident, involving different correctional officials from a different correctional facility, and thus the pleading is not a proper supplemental complaint.  No link aside from the fact that both pleadings concern car accidents).  See also  Williams v. Adams, 2007 WL 1595457 (E.D. Cal. June 1, 2007) ("Although [Fed. R. Civ. P.] 15(d) provides for the supplementation of pleadings to set 'forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented,' in light of section 1997e(a), plaintiff may not use Rule 15(d) to add new claims that arose after this suit was filed. . . .  Allowing plaintiff to supplement to add the claims he seeks to add would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit."); Price v. Caruso, 2007 WL 2914232 (W.D. Mich. Oct. 3, 2007) (same).

**Defendant McLaughlin's Motion to Dismiss, or in the Alternative, Motion for**

7

**Summary Judgment**

Defendant McLaughlin seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted or alternatively moves for summary judgment pursuant to Fed. R. Civ. P. 56 based upon the following five grounds:  (1) the claims against Dr. McLaughlin are barred under the Prison Litigation Reform Act ("PLRA") because plaintiff failed to exhaust his available administrative remedies; (2) plaintiff's assertion that his Step 3 grievance was destroyed is barred under the doctrine of *res judicata*, (3) in the alternative, the Complaint fails to state an Eighth Amendment claim against Dr. McLaughlin; (4) in the alternative, the Complaint fails to state a Fourteenth Amendment claim; and (5) defendant McLaughlin is entitled to qualified immunity.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the Complaint as true and resolve all reasonable inferences in plaintiff's favor.  Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the Complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a

8

formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp., 550 U.S. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S.Ct. at 1974).

Rule 56(c) provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial." Robertson v. Board of County Comm'rs of the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v. ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)). "Once a properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in the complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. . . . These facts may be shown 'by any of the kinds of evidentiary materials listed in Rule 56(c),

Case 1:08-cv-01279-PAB-MJW   Document 70   Filed 07/06/09   USDC Colorado   Page 9 of 19

9

except the mere pleadings by themselves.'" Southway v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo. 2001), aff'd, 328 F.3d 1267 (10th Cir. 2003). However, "[i]n order to survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . . The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . . Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273. "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . . Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)). "Evidence presented must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." Southway, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's

favor, a reasonable jury could return a verdict for that party." Id. at 1273.

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

**Exhaustion**

Defendant McLaughlin asserts that the claims against him are barred under the PLRA because plaintiff failed to exhaust his administrative remedies. The PLRA, *inter alia*, amended 42 U.S.C. § 1997e(a) to require a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." Beaudry v. Corrections Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003). Section "1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences." Porter v. Nussle, 534 U.S. 516, 520 (2002). "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 741 (2001)). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into [the PLRA's] statutory

exhaustion requirement." <u>Booth</u>, 532 U.S. at 741, n.6. "In *Booth*, the Supreme Court explained that one of the purposes of the exhaustion requirement is to force an inmate to go through the administrative process which in turn might afford prison officials the opportunity to take some corrective action that would preclude litigation." <u>Beaudry</u>, 331 F.3d at 1167.

The CDOC has a multi-step administrative grievance process available to inmates set forth in its regulations which entails first a written informal grievance and then a formal three-step written grievance procedure. <u>See</u> CDOC Administrative Regulation 850-4 (Docket No. 46-4).

Previously, in Civil Action No. 06-cv-01379-ZLW-MJW, <u>Deschaine v. Anshutz, et al.</u>, plaintiff made similar allegations against Dr. McLaughlin.[1] On November 11, 2007, this court issued a Recommendation in that case on Defendants' Motion to Dismiss or, In the Alternative, Motion for Summary Judgment. (Docket No. 75 in that action). Significantly, with regard to exhaustion of administrative remedies, this court found as follows:

> Attached to the Complaint are plaintiff's Step 1, Step 2, and Step 3 grievances concerning his medical care. Significantly, none of them

---

[1]In his previous action, plaintiff similarly alleged, *inter alia*, that he was seen by Dr. McLaughlin on October 25, 2005, at which time the doctor wrongfully charged plaintiff with the responsibility for having diabetes, saying it was plaintiff's fault he was sick. Plaintiff asked the doctor about the trouble plaintiff was having with his legs and feet and wanted to know about getting better shoes because the shoes issued by the DOC were inadequate. Plaintiff overheard the doctor ask another patient what size shoes the patient wore and tell that patient that they should be able to accommodate him within ten days. When plaintiff asked about shoes, however, the doctor responded that they cannot buy everyone a pair of shoes and that plaintiff should buy his own. The doctor also stated that since the plaintiff was participating in the <u>Montez</u> case, "they" could buy them for plaintiff.

12

> mention Dr. McLaughlin or plaintiff's medical treatment at Buena Vista Correctional Facility. Instead, they all concern plaintiff's medical exam at the D.R.D.C.[2] Plaintiff has not disputed defendants' argument that he has not exhausted his administrative remedies with respect to his claim against Dr. McLaughlin. Plaintiff did not respond to the defendants' dispositive motion, and earlier in this case, when directed by the court to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies, plaintiff did not submit copies of any grievances in which he raised his claim concerning medical treatment at Buena Vista Correctional Facility and failed to describe with specificity how he exhausted administrative remedies for that claim. (See Docket No. 13, ruling later vacated due to Supreme Court decision in Jones v. Bock, 127 S. Ct. 910 (2007), See Docket No. 16). Based upon the undisputed affidavit of Anthony DeCesaro and the grievances submitted by plaintiff, the court finds that plaintiff has not exhausted his claim against defendant McLaughlin and thus recommends that such claim be dismissed without prejudice.

(Docket No. 75 at 10). Accordingly, this court recommended that the plaintiff's claim against Dr. McLaughlin be dismissed without prejudice for failure to exhaust administrative remedies. (Docket No. 75 at 11). On March 19, 2008, Judge Weinshienk issued an Order of Dismissal (Docket No. 90) in which, *inter alia*, the Recommendation (Docket No. 75) was adopted and approved, and the Complaint and cause of action were dismissed as against defendant Dr. McLaughlin without prejudice for failure to exhaust. (Docket No. 90 at 2-3). Judgment was entered accordingly on March 20, 2008. (Docket No. 91). Judge Weinshienk noted in her Order that plaintiff did not file an objection to the Recommendation. (Docket No. 90 at 1).

The following month, plaintiff moved to amend the original Complaint in that other

---

[2]In an Order filed November 3, 2006, Judge Weinshienk "agree[d] with Magistrate Judge Boland that the grievances attached to the complaint relate only to Mr. Deschaine's claim that he did not receive a proper diagnosis at DRDC and did not raise his claim that he has been denied adequate medical treatment at BVCF." (Docket No. 13 at 3).

13

action (Docket Nos. 93 and 94), asserting, *inter alia*, that it took the CDOC over a year to respond to his Step 2 grievance and that the CDOC stated they could not find plaintiff's Step 3 grievance. Furthermore, plaintiff claimed that CDOC stated "that CDOC case manager Paul Voth must have destroyed it." (Docket No. 93 at 2). On April 23, 2008, this court recommended that plaintiff's motion for leave to amend be denied. (Docket No. 99). This court found:

> The fatal flaw to plaintiff's motion is that "once judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b)." Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985). See Viernow v. Euripides Dev. Corp., 157 F.3d 785, 799-800 (10th Cir. 1998) (Plaintiff sought leave to amend to raise new theories that he chose not to advance until after his primary theories had been dismissed. The court stated, "we do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings."). Plaintiff filed the instant motion well after final judgment was entered. Furthermore, because the motion was not filed, let alone mailed from prison, within ten days after the entry of judgment, Rule 59(e) is not applicable. Id. Plaintiff has also not established grounds for relief under Rule 60(b). All of the allegations raised in this motion either were or could have been raised in the original complaint. Id.

(Docket No. 99 at 3-4). On May 16, 2008, Judge Weinshienk approved and adopted that Recommendation, noting that no party had filed an objection to the Recommendation. (Docket No. 105).

The "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). As an affirmative defense, "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007). Here, in the instant case, defendant McLaughlin correctly notes that plaintiff

attached Step 1 and 2 grievances to his Complaint (No. D-BV -5/06-028) which vaguely address the issues of his not being provided medical shoes and not receiving adequate care for his diabetes. Defendant McLaughlin asserts that in any event, plaintiff did not file a Step 3 grievance and thus failed to exhaust his administrative remedies as to this series of grievances.

"When raising an affirmative defense in a motion for summary judgment, '[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted.' . . . 'If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact.' . . . 'If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is entitled to summary judgment as a matter of law.'" Sparks v. Foster, 241 Fed. Appx. 467, 472, 2007 WL 1748509, at *4 (10th Cir. 2007) (quoting Hutchinson v. Pfeil, 105 F.3d 562, 564 (10th Cir. 1997)). This court finds that the plaintiff has not made such a showing.

The Tenth Circuit has found that an inmate must appeal his grievance through all available channels to exhaust his administrative records fully. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." ). There is, however, a recognized exception to the requirement when an inmate has been prevented from filing a grievance. See id. "When prison officials block a prisoner's access to the grievance process, the administrative remedies are not 'available' to the prisoner and, therefore, do not need to be exhausted prior to initiation of a section 1983 action." Main v. Martin, 2009 WL

215404, *5 (D. Colo. Jan. 22, 2009).

Here, plaintiff alleges in his Complaint that "CDOC . . . said that since case manager Voth was my case manager at that time they could understand what happened. CDOC admitted that case manager Paul Voth must have done something with it, meaning 'destroyed it.'" (Docket No. 3 at 12). In his response to defendant's motion, plaintiff states with respect to this Step 3 grievance:

> when plaintiff added Dr. McLaughlin to the lawsuit, he was doing his grievances anyway to have them and was denied to go futher [sic] with them, because of case manager Paul Voths misconduct, and plaintiff and his case manager did an investigation on the grievances and was told that he just got off the phone with Anthony Decesaro, grievance officer and that they could not fine [sic] my Step III grievance, but seeing who my case manager was at the time, they could see what happen to my grievance. . . .

(Docket No. 52 at 3).

Plaintiff, however, has never provided a copy of such Step 3 grievance or actual evidence that would allow the court to conclude that it was filed. Moreover, plaintiff has provided no more than his unsupported, unsworn conclusory allegation of destruction of his Step 3 grievance, which apparently is based upon a hearsay statement purportedly made by an unidentified person, which is not sufficient to create a genuine issue of material fact so as to defeat defendant's summary judgment motion. See White v. Tharp, 2008 WL 596156, *10 (D. Colo. Feb. 29, 2008) (Inmate plaintiff never provided copies of his grievances to the court or any actual evidence that would allow the court to conclude that they were filed. Plaintiff provided no more than his unsupported conclusory allegations regarding defendants' alleged obstruction of his use of the administrative process, which were not sufficient to create a genuine issue of material

16

fact.); Brooks v. Johnson, 2008 WL 906130 (D. Colo. Feb. 15, 2008) (Inmate plaintiff merely stated in his response that he did file an appeal and that grievance forms are frequently lost, misplaced, or destroyed. The absence of any evidence, other than plaintiff's allegation in his response, was insufficient.), Report & Recommendation adopted, 2008 WL 906839 (D. Colo. Mar. 31, 2008), aff'd, 307 Fed. Appx. 247 (10th Cir. Jan. 16, 2009), pet. for cert. filed (May 18, 2009) (No. 08-10794);

"Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(e), except the mere pleadings themselves . . . . ." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The absence of any evidence, other than plaintiff's allegation in his response, is insufficient. Sparks, 241 Fed. Appx. at 474 (inmate plaintiff was required to go beyond his pleadings and set forth specific facts to show he was denied grievance forms or was prevented from exhausting available administrative remedies); Maclary v. Carroll, 142 Fed. Appx. 618, 2005 WL 1883843 (3rd Cir. Aug. 9, 2005) (In response to an affidavit stating the inmate plaintiff filed no grievances concerning the conditions at issue, the inmate merely responded that he filed unanswered and unprocessed grievances and letters to prison officials, but he did not offer any support for those bare assertions. Court found his opposition to defendants' summary judgment motion did not create a genuine issue for trial.); Brooks v. Conway, 2007 WL 951521, at *4 (W.D.N.Y. Mar. 28, 2007) (Inmate plaintiff's "bald and conclusory assertions" that the defendants lost his grievance papers were, without more, insufficient to avoid summary judgment on plaintiff's claim based on failure to exhaust.). See Sparks v. Rittenhouse, 2007 WL 987473, at *6 (D. Colo. Mar. 29, 2007) (Court cannot consider the factual assertions by the plaintiff in his brief for

17

purposes of determining whether he can establish a constitutional violation.), aff'd, 314 Fed. Appx. 104 (10th Cir. Sept. 16, 2008). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) ("[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth *specific* facts showing that there is a genuine issue for trial.'") (emphasis added); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17 (1970) (unsworn statement submitted in support of a motion for summary judgment does not meet the requirements of Fed. R. Civ. P. 56(e)); Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) ("Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'"). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings. . . . To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise," Bones v. Honeywell Intern., Inc., 366 F.3d 869, 875 (10th Cir. 2004), which is all we have here from plaintiff. To find otherwise would permit any inmate to circumvent the exhaustion requirement merely by making bald allegations of destruction of a grievance or other purported acts of obstruction of the administrative process.

Furthermore, defendant McLaughlin notes that the only other series of grievances in which plaintiff also raised the issue of the denial of treatment for his diabetes and medical shoes was in grievance No. C-BV 07/08-0182. Significantly, as pointed out by defendant, the Step 1 grievance in that series was not filed until June 5, 2008, the Step 2 grievance was filed on June 24, 2008, and the Step 3 grievance was

18

filed on July 13, 2008.  Plaintiff's Complaint here was filed on June 16, 2008, before plaintiff filed the Step 2 and Step 3 grievances.  Therefore, with respect to that series of grievances, defendant correctly asserts that the plaintiff did not complete the grievance process prior to filing his current Complaint as required by the PLRA.

In sum, this court finds that the plaintiff failed to exhaust his administrative remedies with respect to his claims against defendant McLaughlin.  Therefore, it is recommended that the defendant's motion for summary judgment be granted.

Based upon the findings above, and in the interest of judicial economy, the court will not address the defendant's additional bases for his motion to dismiss or for summary judgment

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that Defendant McLaughlin's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Docket No. 46) be granted.  It is further

**RECOMMENDED** that  Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 57) be denied.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of**

19

**both factual and legal questions.  <u>Makin v. Colorado Dep't of Corrections</u>, 183**

**F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Date:  July 6, 2009              <u>s/ Michael J. Watanabe</u>
      Denver, Colorado              Michael J. Watanabe
                                United States Magistrate Judge